**Forrest PETTY, Plaintiff-Appellant,**

v.

**MANPOWER, INC., Temporary Services, Milwaukee, Wisconsin, Defendant-Appellee.**

**No. 78–1300.**

United States Court of Appeals, Tenth Circuit.

Submitted Dec. 12, 1978.

Decided Feb. 12, 1979.

Forrest Petty filed pro se memorandum opposing summary action.

Kenneth N. McKinney, and Sally E. Scott, Oklahoma City, Okl., Atty., filed memorandum supporting summary action on behalf of defendant-appellee.

Before SETH, Chief Judge, and BARRETT and LOGAN, Circuit Judges.

PER CURIAM.

Forrest Petty seeks review of an order of the United States District Court for the Western District of Oklahoma dismissing without prejudice his pro se complaint for damages filed under 42 U.S.C. § 2000e. We affirm.

In March, 1977, appellant filed with the Equal Employment Opportunity Commission a charge of discrimination alleging that appellee had racially discriminated against him in violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Commission Act of 1972. Following a full investi-

gation, the Commission concluded that appellant had merely presented assertions of discrimination without factual support, and that there was no cause to believe that Title VII had been violated. Thereafter, within the ninety (90) day time limit set by 42 U.S.C. § 2000e–5(f)(1) appellant filed this pro se action in district court alleging employment discrimination. 42 U.S.C. § 2000e, *et seq.* In response, appellee filed a motion to dismiss with an alternative motion for summary judgment. A hearing was set for February 27, 1978, with proper notice issued to both parties. When the case was called by the court for hearing, appellant did not appear. As a result an order was entered dismissing without prejudice appellant's complaint for lack of prosecution.

Subsequent to the initial dismissal, appellant notified the court that he had been unable to attend the hearing because of his incarceration in the Oklahoma City Jail. The district court treated appellant's letter as a motion for relief from judgment made pursuant to Fed.R.Civ.P. 60(b) and his case was reopened, with a properly noticed hearing set for March 15, 1978. Once again when appellant's case was called he did not appear, and the second order of dismissal without prejudice of the complaint was entered. From that dismissal appellant has appealed.

▮ Previously it has been the strict policy of this court to view a district court's order dismissing a complaint only, but not the action itself, as a non-final, and thus nonappealable, order. *Budde v. Ling-Temco-Vought, Inc.,* 511 F.2d 1033 (10th Cir. 1975). Although we shall continue to adhere to the principle that dismissal of a complaint only is not a final and appealable order, we shall endeavor to scrutinize such orders more closely in order to pinpoint those situations wherein, in a practical sense, the district court by its order has dismissed a plaintiff's action as well. What is of importance is the district court's intent in issuing its order—dismissal of the complaint alone or actual dismissal of plaintiff's entire action?

▮ Applying this principle to the situation at bar, it would appear to have been the clear intent of the district court to dismiss not only appellant's complaint, but his entire action as well. In its dismissal order the district court cites Fed.R.Civ.P. 41(b) involving the dismissal of an action. In addition, the court recites a lack of prosecution by appellant as the reason for dismissal, a matter going to the merits of appellant's complaint itself rather than a procedural problem which amendment of a complaint might rectify. It would thus appear that what the district court intended was a dismissal, albeit without prejudice, of appellant's action for want of prosecution. Such an order is appealable. *United States v. Wallace & Tiernan Co.,* 336 U.S. 793, 69 S.Ct. 824, 93 L.Ed. 1042 (1949); *Drake v. Southwestern Bell Telephone Co.,* 553 F.2d 1185 (8th Cir. 1977).

▮ Reviewing the merits of the district court's dismissal, we find affirmance to be in order. It is well recognized that a trial court may, within its sound discretion, subject to review only for abuse, dismiss an action *sua sponte* for want of prosecution. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Stanley v. Continental Oil Co.,* 536 F.2d 914 (10th Cir. 1976). Under what circumstances such a dismissal would be justified, or to the contrary found to be abuse of discretion, must depend on the procedural history of the particular cases involved. *Securities and Exchange Commission v. Power Resources Corp.,* 495 F.2d 297 (10th Cir. 1974). In the present case, while an affidavit filed by appellee would appear to support appellant's claim that he was incarcerated on the date of the first hearing, February 27, 1978, there has been no presentation made by appellant to support his further claim that he was incarcerated as well on the date of the second hearing, March 15, 1978. In fact, the affidavit filed by appellee indicates that appellant was not incarcerated on that date. In light of this evidence, set as it is against a background of the district court's willingness to aid appellant in his pro se suit, it cannot be concluded that the

**618**

order entered by the district court was an abuse of discretion. The judgment of the district court is therefore affirmed.

Affirmed.