**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT ENRIQUEZ GODINES,

    Plaintiff-Appellant,

v.

J. OLIVER, R. T. FIELDER, D. D. LEWSADER, T. L. QUINTANA, W. C. SHORT, S. TUBACH and R. E. HOLT, Federal Bureau of Prisons Employees,

    Defendants-Appellees.

No. 00-1093
(District of Colorado)
(D.C. No. 00-Z-98)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert E. Godines, a prisoner appearing *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint without prejudice. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.[1]

Upon the filing of Godines' civil rights complaint, the district court entered an order directing Godines to cure certain deficiencies. In particular, the district court ordered Godines to either pay the filing fee in full or to file a proper 28 U.S.C. § 1915 motion and affidavit. That order specifically listed each of the required elements of a proper § 1915 motion. When Godines ultimately filed a § 1915 motion, that motion was legally insufficient in the following two particulars: (1) it was not certified by a prison official; and (2) it did not cover the six-month period immediately preceding the filing of the motion. In response to the inadequate motion, the district court dismissed Godines' complaint and the entire action without prejudice. In so doing, the district court specifically noted that it had apprised Godines of each of the necessary elements of a proper § 1915 motion.

On appeal, Godines asserts that he is excused from complying with § 1915 certification requirements because there is no form that contains a spot for the

---

[1]Because the district court dismissed both Godines complaint and the entire action, this court has appellate jurisdiction despite the fact that the dismissal was without prejudice. *See Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979).

signature of the prison official and that his trust account statement sufficiently covered the requisite time period. We find both contentions without merit for the reasons stated in the district court's order of dismissal dated February 24, 2000 and order denying motion to reconsider dated March 15, 2000. This court is frankly mystified by Godines' insistence on filing a frivolous appeal rather than refiling his civil rights complaint with an appropriately supported § 1915 motion, pursuant to the explicit directions of the district court.

This appeal is hereby **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). We remind Godines of his continuing obligation to pay all installments of the deferred appellate filing fee until the fee is paid in full. No exception is made for dismissed appeals. *See* 28 U.S.C. S 1915(b)(2).

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge