**Lisa Merie WELLS; William A. Wells; Karen Sue Payne, Plaintiffs–Appellants,**

**and**

**Keri Sue Pauline Dinkins; Krystin Merie Dinkins; Kayla Merie Dinkins, Plaintiffs,**

**v.**

**Toby M. DINKINS; Sherrie M. Dinkins; The Honorable Brian Tollefson, The Honorable Bruce Coho, The Honorable Vickie Hogan, The Honorable Frederick Hays, The Honorable Judge Larken, The Honorable Judge Armijo, Pierce County Superior Court Judges; Grant L. Anderson, Former Pierce County Superior Court Judge; Steve Downing, Paul Boyle, Barbara Henderson, John B. Krilich, Terrance Mccarthy, Pierce County Superior Court Pro Tem Commissioners; James M. Marshall, David H. Johnson, H. Edward Haarmann, Mary E. Dicke, Megan M. Foley, James R. Orlando, Pierce County Court Commissioners; Donald Meath, Washington State Court of Appeals; Ted Rutt, Pierce County Court Clerk; Andrea Morteka, Pierce County Court Admin-**

7. On September 26, 2001, Vail filed a motion to supplement the record with two video-tapes. Vail's motion is granted.

istration; Pierce County Jail Custodian; Sheriff Mark French, Craig Adams, Deputy Rodger Ward, Arresting Officers John Doe 1 and 2, Booking Officers John Doe 3 Through 5, Jail Guard Officers John Doe 6 Through 8, Pierce County Sheriff's Department and its agents; Detective Brad Graham, Chief of Police, Internal Affairs, Tacoma Police Department and its agents; John Landenburg, Prosecuting Attorney; Patricia Michls, Patricia Trowbridge, Frederick Whang, Deputies; Tammi Hanson, Pierce County Prosecutors Office and its agents; Tacoma City Prosecutors Office, and its agents; The Washington State Bar Association; Steven Downing, Inc.; Steve Downing; Miller & Dart Law Firm; Rebecca Reeder, McCormick & Hoffman Law Firm; Jenifer Payseno, McKinley & Irving Law Firm; Colleen A. Grady; Brian Meikle, Meikle & Wood Law Firm; Diane Keisel; Craig Adams, Barbara Henderson, Jon Iverson, Attorney; Robert Hellend; Micheal Hect; Julie Weigland–Carey, Ben Betridge; Terrence McArthy, Pierce County Bar Association; Jon Iverson, Nancy Peitela; Ruth Cane; Robert Heilend, court appointed guardian ad litems; Ann Eft, Pierce County Domestic Violence Advocates; Norm Aune, Puyallup School District; Micheal J. Kirkpatrick, Washington State Risk Management; Joseph Fletcher, Pierce County Risk Management; Mike Pantigoe, Director, Pierce County Risk Management; Christine Gregoire, Ken Eikenbery, Audra Smith, The State of Washington Attorney General & Agents; Vickie Wallen, State of Washington Ombudsman; Jane Roberts, Scott Minick, Lynette Shaw, Darlene Hendrickson, Lyle Quisim, Rosie Orskavich, State of Washington Governor–Office of Constituent Affairs; Federal Department of Social and Health Services; Vince Herbenholt, Administration of Division of Children and Families; Ralph Noble, J. Mcdonald, Micheal Padget, Ward Peterson, Julie Johnson, Ellyn Turner, Dawn Netzel Cooper, Marion Jennings, John Harstad, Larry Pederson, Lydia Wiggs, Eva Robinett, Linda Kalonwski, Robert Harris, Sarah Nyhart, Frank Merrin, Pamela Merrin, Bettie Merrin, Department of Social and Health Services, Division of Children and Family Services and the Office of Support Enforcement; Gary Locke, Governor; Brad Owens, Deputy Governor; Sam Fraiser, Office of the Governor; Lynn Lasayalle, Mary Bridge Childrens Hospital Emergency Room; Sexual Assault Center; Visitation Catholic Church; Visitation Catholic School; Seattle Archdiocese; Father David Geese, and others; Labor & Industries Crime Victims; Co Conspirators Yet Unnamed, individually, jointly and severally; McCormick & Hoffman Law Firm; Department of Social and Health Services Division of Children and Family Service and the Office of Support Enforcement; State of Washington Ombudsman; Miller & Dart Law Firm; Mary Bridge Children's Hospital Emergency Room; Meikle & Wood Law Firm; Pierce County Domestic Violence Advocates; Pierce County Jail; Pierce County Sheriff's Department; Tacoma Pierce County Bar Association; Court of Appeals; Puyallup School District; Tacoma Police Department; Mary Bridge Children's Hospital; Washington State Office of Risk Management; Preble Law Firm; Gary A. Preble; Pierce County Bar Association; Governors Office of Con-

stituent Affairs; Pierce County Superior Court Clerk; Joan Engle; Mckinley & Irving Law Firm; John T. Doherty, Defendants–Appellees.

No. 01–2072.

United States Court of Appeals, Tenth Circuit.

June 14, 2002.

Before HENRY, Circuit Judge, BRORBY, Senior Circuit Judge, and BRISCOE, Circuit Judge.

## ORDER AND JUDGMENT *

BRORBY, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of

mously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is taken from the district court's judgment dismissing plaintiffs' action for (1) failure to comply with the court's order to file an amended complaint, (2) lack of jurisdiction over most of the parties and (3) failure to state a claim against any defendant who or which might have submitted to the court's jurisdiction by filing an answer to the complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Some defendants in this case have moved to dismiss the appeal as to themselves, contending that the district court's November 22, 2000, order dismissing the underlying action as to some, but not all, defendants is the measuring point for determining whether the appeal was timely filed. We disagree. The November 22 order was not the final judgment in this case because it did not dispose of all claims against all parties. *See* Fed.R.Civ.P. 54(b). Rather, the district court dismissed some of the defendants and directed the plaintiffs to file an amended complaint within thirty days. Moreover, it is clear the district court did not intend to dismiss the entire action. *See Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir.1979). The district court dismissed the balance of the action on February 2, 2000. Plaintiffs filed their notice of appeal on February 28. Therefore the appeal is timely, *see* Fed. R.App. P. 4(a)(1)(A), and defendants' motions to dismiss for lack of appellate jurisdiction are denied.

■ Other defendants have moved to dismiss based on plaintiffs' failure to timely file and serve their opening brief. These motions are also denied. *See Bartell v. Aurora Pub. Schs.*, 263 F.3d 1143, 1146 (10th Cir.2001) (holding that Tenth Circuit does not grant motions to dismiss for failing to file timely appellate brief); 10th Cir. R. 27.2(A)(1) (stating party may file motion to dismiss appeal only on bases of lack of appellate jurisdiction, supervening change in law or mootness, or need to remand for additional proceedings).

■ Plaintiffs brought this action in the United States District Court for the District of New Mexico against well over a hundred individuals (named and unnamed), as well as private, corporate, and governmental entities, generally alleging violations of the Federal Civil Rights Acts, 42 U.S.C. §§ 1983–1986, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968. Plaintiffs are residents of New Mexico. The defendants, however, are all residents of the State of Washington, as were plaintiffs during the time period covered by the acts alleged in the complaint.[1] A number of the defendants are mentioned in the caption only. Defendants include state judges and elected officials, agencies, and county and local governments, law enforcement officials, county bar associations, educational and religious institutions, and numerous attorneys who represented or opposed plaintiff Lisa Wells in a divorce proceeding. There are some defendants whose connection to plaintiffs is not altogether clear.

The general basis for plaintiffs' claims involves actions related to and resulting from a divorce proceeding between plain-

---

orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Plaintiff Keri Sue Pauline Dinkins, the focus of the underlying custody dispute, appears to be still a resident of the State of Washington.

tiff Lisa Wells and defendant Toby Dinkins over a decade ago. The ongoing proceedings have involved custody and visitation rights over two of the couple's three children.

A number of defendants filed motions to dismiss under Fed.R.Civ.P. 12(b), alleging lack of subject matter or personal jurisdiction, improper venue, and/or insufficient service. In a thoughtful and comprehensive order dated November 22, 2000, the district court granted the motions, concluding there were insufficient minimum contacts between those defendants and the forum state. The court rejected, as wholly unsupported, plaintiffs' "extraordinary circumstances" theory that they would be in physical danger if they returned to Washington to litigate the matter. The court further rejected plaintiffs' venue argument that under 18 U.S.C. § 1965(b), out-of-district defendants could be haled into court in New Mexico because the "ends of justice" required this extraordinary measure.

In addition to finding it lacked personal jurisdiction over the moving defendants, the court further concluded it lacked subject matter jurisdiction to consider any claims attacking a state court judgment. Finally, the court determined that some claims did not appear to be collateral attacks on state court decisions and that some defendants, by filing answers instead of moving to dismiss, had waived the defense of lack of personal jurisdiction. The court accordingly directed plaintiffs to file an amended complaint within thirty days that included no claims against defendants over whom the court lacked jurisdiction and that did not contain allegations collaterally attacking state court decisions.

Instead of filing an amended complaint, plaintiffs filed a motion to reconsider, ostensibly under Fed.R.Civ.P. 60(b), accompanied by a lengthy memorandum raising numerous new issues and challenging various defendants' motions to dismiss as fraudulent because the motions were identically worded. Plaintiffs proffered "newly discovered evidence" allegedly involving complaints (by other Washington residents not parties to this litigation) against certain state agencies. They claimed that plaintiff Lisa Wells had received telephone calls while in New Mexico from several of the named defendants that would satisfy the minimum contacts requirement. Ms. Wells further asserted that she was not asking the court to reexamine any decision of a Washington court, but rather she was requesting the district court to "recognize existing law and violation of that law, in particular violations of due process." R. Vol. IV, Doc. 232 at 14. The district court granted several motions to dismiss which had been filed after its November 22 order and dismissed the case for failure to state a claim against any remaining defendants.

We have reviewed the record and considered the appellate arguments advanced by the parties. The overriding and incurable failings in plaintiffs' cause of action are the absence of jurisdiction in the New Mexico federal district court over certain of the named defendants and plaintiffs' failure to state cognizable claims against the remaining defendants. Accordingly, for substantially the reasons stated by the district court in its orders of November 22, 2000, and February 2, 2001, the district court's judgment is AFFIRMED. All outstanding motions are DENIED. The mandate shall issue forthwith.