FILED
United States Court of Appeals
Tenth Circuit

February 23, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

WYTRICE SILER,

      Plaintiff - Appellant,

v.

DENVER DEPT. OF CORRECTIONS;
WARDEN M. BROADDUS;
EXECUTIVE WARDEN ARISTEDES
W. ZAVARAS,

      Defendants - Appellees.

No. 08-1336
(D.C. No. 08-CV-01426-ZLW)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.[**]

Plaintiff-Appellant Wytrice Siler, a state prisoner appearing pro se, appeals

from the district court dismissal of her § 1983 action alleging injuries caused by

the Denver Department of Corrections and various prison officials

("Defendants"). The district court dismissed the action without prejudice based

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

upon a failure to cure deficiencies identified by the magistrate judge within the time allotted. Ms. Siler then filed a notice of appeal of the order of dismissal. She also sought reconsideration on the grounds that she had complied based upon documents mailed to the court that predated the court's order informing her to cure deficiencies. R. Doc. 10. The district court construed the motion for reconsideration as arising under Fed. R. Civ. P. 60(b) because more than ten days had elapsed from the judgment. R. Doc. 17 at 2. The district court then denied it on the ground that prior submissions would not have been responsive to a later order to cure deficiencies. Id.

Only the judgment of dismissal is before us, as no notice of appeal was filed from the denial of the motion for reconsideration. Fed. R. App. P. 4(a)(1). We find no abuse of discretion; it was incumbent upon Ms. Siler to respond to the magistrate judge's order after it was issued, and we find no argument on appeal as to why the dismissal was an abuse of discretion. See Fed. R. Civ. P. 41(b); see also Petty v. Manpower, Inc., 591 F.2d 615, 617-18 (10th Cir. 1979).

AFFIRMED. We DENY Ms. Siler's application to proceed without prepayment of the appellate filing fee and order immediate payment of the unpaid balance due.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 2 -