FILED

United States Court of Appeals
Tenth Circuit

**September 14, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

YASLAM M. ISSA,

      Plaintiff-Appellant,

v.

FOX RENT A CAR,

      Defendant-Appellee.

No. 10-4064
(D.C. No. 2:09-CV-00890-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

After plaintiff Yaslam M. Issa was fired from his job with defendant

Fox Rent A Car (Fox), an attorney representing Mr. Issa filed a Title VII action

against Fox in Utah. Less than a month later, the district court allowed Mr. Issa's

attorney to withdraw from the case with Mr. Issa's consent, giving Mr. Issa

twenty days to either hire new counsel or announce his decision to continue

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pro se. Two months later, after Mr. Issa failed to do either, Fox moved for dismissal of the case for failure to prosecute. Mr. Issa failed to respond to Fox's motion.

Three months later the court entered its order under Federal Rule of Civil Procedure 41(b) dismissing Mr. Issa's complaint without prejudice and without awarding costs or fees to either party. The dismissal was based on Mr. Issa's failure to prosecute or comply with the rules of civil procedure, and the court entered "CASE CLOSED" in the docket entry for the dismissal. Five days later, Mr. Issa filed what he entitled an "Appeal letter" with the court. R., Doc. 11 at 1. The court took this as a notice of appeal.

In considering Mr. Issa's appeal, we first briefly examine our jurisdiction. We initially note that the court's dismissal order stated that "Plaintiff's Complaint is dismissed without prejudice," R., Doc. 10, at 2, and that "in this circuit, whether an order of dismissal is appealable generally depends on whether the district court dismissed the *complaint* or the *action*." *Moya v. Schollenbarger*, 465 F.3d 444, 448-49 (10th Cir. 2006) (quotation omitted). "A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final." *Id*. at 449 (quotation omitted). Nevertheless, even when a dismissal order appears on its face to dismiss the complaint, we "scrutinize [such dismissals] closely in

-2-

order to pinpoint those situations wherein, in a practical sense, the district court by its order has dismissed a plaintiff's action as well." *Id*. (quotation omitted).

Here, it is clear that the district court's intent was to dismiss the entire action. First, while the court's order facially dismissed only the *complaint* without prejudice, we note that the most reasonable explanation for this fact was that the court used the form order provided by counsel–which originally dismissed the complaint "with prejudice," inserted the word "without" for the word "with," and initialed the change. R., Doc. 10, at 2. Such an explanation would also explain the "CASE CLOSED" found in the dismissal docket entry. *Id*.

Second, and more importantly, the main reason for the dismissal was that, after his counsel withdrew, Mr. Issa ceased prosecution of his case, failing to even respond to the motion to dismiss. Further, the motion to dismiss argued that Mr. Issa had a history of filing lawsuits against former employers with the court and then failing to prosecute those claims.[1] Where a "district court's grounds for dismissal are such that the defect cannot be cured through an amendment to the complaint, that dismissal (even if it is . . . nominally of the complaint) is for practical purposes of the entire action and therefore final." *Moya*, 465 F.3d at 450-51; *see also Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979)

---

[1]     The docket reflects that the court sua sponte transferred the case from the magistrate judge who had been handling it to a district judge in anticipation that Mr. Issa would not respond to the motion to dismiss.

(holding that an order dismissing a complaint without prejudice for lack of prosecution was final and appealable).

Thus, we have jurisdiction over Mr. Issa's appeal. Nevertheless, we must affirm the dismissal. Generally, "[w]e review for an abuse of discretion an order dismissing an action for failure to prosecute." *AdvantEdge Bus. Grp., L.L.C. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). Further, although "[w]hen dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Id.* (quotation omitted), the court here specifically considered the list of factors laid out in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), and found that they weighed in favor of dismissal without prejudice.

But we need not proceed to examine the district court's decision, because neither Mr. Issa's handwritten pro se "Appeal letter," nor his pro se appellate brief, even address his failure to prosecute his case after his attorney withdrew. They both simply argue the merits of his complaint, despite the fact that those merits were never reached. Although Mr. Issa is appearing pro se, and we thus construe his appellate brief liberally, we cannot assume the role of his advocate,

*see Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009), and we certainly cannot manufacture arguments that he has not presented.

    The judgment of the district court is AFFIRMED.

                                        Entered for the Court


                                        Timothy M. Tymkovich
                                        Circuit Judge