**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 1, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

MOJO BUILT, LLC,

    Plaintiff - Appellant,

v.

CITY OF PRAIRIE VILLAGE, KANSAS,

    Defendant - Appellee.

No. 21-3054
(D.C. No. 2:20-CV-02407-HLT-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BACHARACH**, and **ROSSMAN**, Circuit Judges.
_____

Plaintiff Mojo Built, LLC, appeals from the dismissal under Federal Rule of Civil

Procedure 12(b)(6) of its equal protection claim against Defendant City of Prairie

Village, Kansas. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Background

Mojo Built, LLC is a developer, builder, and property owner. In 2018, it

applied to rezone a parcel into two separate lots, and the City approved. As a result,

Mojo Built tore down the existing house on the original lot, built two single-family

homes on the new lots, and sold them at a profit. In 2020, Mojo Built made similar

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

applications for two other lots, materially identical to the lot rezoned two years earlier. This time, however, Mojo Built was unsuccessful. The City Council, whose membership had changed since 2018 as a result of municipal elections, denied Mojo Built's zoning applications despite unanimous approval by the City's planning commission.

Mojo Built sued the City and members of the City Council individually under 42 U.S.C. §§ 1983 and 1988. It asserted claims based on alleged violations of procedural due process, substantive due process, and equal protection. When the individual defendants moved for dismissal, Mojo Built effectively conceded the motion and filed an amended complaint against only the City. The City then moved to dismiss the amended complaint. After briefing, the district court granted the motion in a written order and entered a separate judgment. The district court dismissed the amended complaint without prejudice. This appeal followed.

## II.  Discussion

### A. Appellate Jurisdiction

Before addressing the merits of Mojo Built's appeal, we must first determine whether the dismissal of its amended complaint without prejudice was a "final decision" over which we have appellate jurisdiction. *See* 28 U.S.C. § 1291.[1] "A dismissal of the complaint is ordinarily a non-final, nonappealable order (since

---

[1] It is unclear to us why the district court's dismissal was without prejudice. In any event, neither party questions the finality of the district court's order, but appellate courts have an independent obligation to confirm that jurisdiction is proper. *See, e.g.*, *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001).

2

amendment would generally be available), while a dismissal of the entire action is ordinarily final." *Moya v. Schollenbarger*, 465 F.3d 444, 449 (10th Cir. 2006) (internal quotation marks omitted) (quoting *Mobley v. McCormick*, 40 F.3d 337, 339 (10th Cir. 1994)). We scrutinize complaint dismissals "to pinpoint those situations wherein, in a practical sense, the district court by its order has dismissed a plaintiff's action as well." *Id.* (internal quotation marks omitted) (quoting *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979) (per curiam)). In doing so, we "look to the substance and objective intent of the district court's order, not just its terminology." *Id.* (citation omitted) (emphasis omitted).

Here, the district court effectively determined that legal deficiencies in the amended complaint rendered the action incapable of being saved by further amendment. As a practical matter, therefore, the order dismissing the amended complaint without prejudice disposed of the entire action and rendered the decision final for purposes of § 1291. Thus, we have jurisdiction and proceed to the merits.

## B.  Class-of-One Equal Protection Claim

"We review de novo the dismissal of a complaint for failure to state a claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citation omitted). Mojo Built's appeal challenges only the district court's dismissal of its equal protection claim against the City. The Equal Protection Clause says, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "Equal protection jurisprudence has traditionally been concerned with governmental action that disproportionally burdens certain classes of

3

citizens." *Kan. Penn Gaming*, 656 F.3d at 1215-16. But it is well-settled the Equal Protection Clause "protect[s] persons, not groups." *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227 (1995) (emphasis omitted).

Mojo Built does not allege membership in a particular class. Rather, its equal protection claim proceeds on a "class-of-one" theory, which the Supreme Court recognized in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam).

In *Olech*, a property owner wanted the Village of Willowbrook to connect her home to the public water system. *Id.* at 563. The Village agreed as long as she granted the municipality a 33-foot easement, even though it required only a 15-foot easement from every other property owner seeking access to the municipal water supply. *Id.* The Supreme Court held the plaintiff had stated a valid claim under the Equal Protection Clause because the municipality's demand for a longer easement was alleged to be "irrational and wholly arbitrary." *Id.* at 565.

To prevail on a class-of-one theory, "a plaintiff must allege and prove (1) 'that [it] has been intentionally treated differently from others similarly situated' and (2) 'that there is no rational basis for the difference in treatment.'" *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1253 (10th Cir. 2016) (alteration in original) (quoting *Olech*, 528 U.S. at 564). "In the paradigmatic class-of-one case, a public official inflicts a cost or burden on one person without imposing it on those who are similarly situated in material respects, and does so without any conceivable basis other than a wholly illegitimate motive." *Jicarilla*

4

*Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1209 (10th Cir. 2006) (citation omitted).

Mojo Built concedes it can point to no *other* similarly situated persons or entities whom the City is alleged to have intentionally treated differently. This deficiency, without more, would seem to doom its equal protection claim. *See id.* But Mojo Built asserts there was, in fact, a similarly situated entity—*a prior version of itself.* Mojo Built maintains the 2018 version of Mojo Built, whose rezoning application was approved by the City, was treated differently from the 2020 version of Mojo Built, whose materially identical applications were rejected. Even if Mojo Built could satisfy the similarly situated comparator element at the motion to dismiss stage under this theory, its class-of-one equal protection claim fails for a different reason.[2] *See Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004) (We may "affirm [the district court] on any ground adequately supported by the record.") (citation omitted).

Class-of-one claims require the plaintiff to show the challenged government decision was "irrational and wholly arbitrary." *Olech*, 528 U.S. at 565. The class-of-one theory of equal protection "presupposes that like individuals should be treated alike, and that to treat them differently is to classify them in a way that must survive at least rationality review[.]" *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591,

---

[2] We therefore need not decide whether a plaintiff can make out a class-of-one equal protection claim by using an earlier version of itself as the similarly situated comparator. The only court to have discussed this argument was profoundly skeptical. *See Carruth v. Bentley*, 942 F.3d 1047, 1058-59 (11th Cir. 2019).

605 (2008). Although Mojo Built alleges in its first amended complaint there was "no rational basis" for the City's actions and the City's decision was "wholly unrelated to any legitimate decision," Aplt. App. at 26, 28, these allegations are mere legal conclusions and lack plausible factual detail. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (setting forth the plausibility standard, which requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

Not only are Mojo Built's allegations conclusory, but its own characterization of the City Council's decision belies any inference that the decision was irrational, arbitrary, or motivated by wholly illegitimate concerns. Mojo Built notes the membership of the City Council changed after 2018 due to local elections, and in 2020 the City Council remanded one of Mojo Built's applications to the planning commission to reconsider the application in the context of "a broader[,] more holistic approach to planning" that considers "public engagement" and "diversity in the [housing] stock in Prairie Village." Aplt. Op. Br. at 10. These were rational reasons for the City Council's differential treatment of Mojo Built's applications between 2018 and 2020, and Mojo Built has not shown otherwise. Because Mojo Built has not adequately alleged the City's decision was irrational, arbitrary, or illegitimate, its class-of-one claim fails.

6

For the reasons stated above, we hold Mojo Built failed to plausibly plead a class-of-one equal protection claim, and we affirm the district court's dismissal of the first amended complaint.

Entered for the Court

Veronica S. Rossman
Circuit Judge