**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**December 26, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

JOHN A. RICKS,

     Plaintiff - Appellant,

and

SHANEL MOSSMAN; TIFFANY
BALLAIN; BRANDEN VALDEZ; MARK
A. ESQUIBEL; LARRY L. MORRIS;
JIOVANNI SANCHEZ,

     Plaintiffs,

v.

PHILIP WEISER; JARED POLIS; ALL
COUNTY JAILS & COURTS OF
COLORADO STATEWIDE,

     Defendants - Appellees.

No. 24-1141
(D.C. No. 1:24-CV-00074-LTB)
(D. Colo.)

_____

JOHN RICKS,

     Plaintiff - Appellant,

and

MOURAD KARIM MAES,

     Plaintiff,

v.

JARED POLIS, Governor of the State of
Colorado; PHILIP J. WEISER, Attorney
General; JAY GRANT, Denver District

No. 24-1148
(D.C. No. 1:23-CV-02888-LTB)
(D. Colo.)

Court Judge; DENVER DISTRICT
COURTS; BETH MCCANN, Denver
District Attorney; BROOMFIELD
COMBINED COURTS; SAMUEL
SHIVELY, Denver District Attorney;
MICHAEL FRAYE, ADC Alternative
Defense Counsel; ELIAS DIGGINS,
Sheriff of Denver County Jail,

     Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

John A. Ricks, pro se, appeals from orders dismissing two overlapping lawsuits for failure to follow court orders.  We have consolidated the two appeals for disposition.  Ricks also moves for permission to proceed without prepayment of costs or fees.

We have jurisdiction under 28 U.S.C. § 1291 but Ricks presents no nonfrivolous argument for reversal.  We therefore deny his motion to proceed without prepayment of costs or fees and dismiss this appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

I.    BACKGROUND & PROCEDURAL HISTORY

In October 2023, Ricks mailed a letter from the Denver Detention Center to the United States District Court for the District of Colorado. The handwritten letter, which is difficult to read, appeared to complain about an ongoing prosecution.

The district court opened a civil action and entered an order requiring Ricks to submit a complaint on the court's approved form. Ricks soon did so, naming the governor and attorney general of Colorado as defendants, along with the mayor and city attorney of Denver.[1] He claimed the defendants were "charging crimes under . . . unexisting jurisdiction." R. (24-1148) at 30. He also filed two habeas applications, one under 28 U.S.C. § 2241 and another under § 2254. Ricks's § 2241 application claimed Colorado courts lacked jurisdiction to detain him, and the § 2254 application similarly argued that Colorado courts lacked jurisdiction to impose any sentence on him.

The district court entered a second order, directing Ricks to file one pleading only. Ricks then submitted a civil complaint, again naming the governor and attorney general of Colorado as defendants, but this time also naming various persons connected to a prosecution against Ricks in Broomfield, Colorado. After certain party names, Ricks also appended "et al." And later, in the body of the complaint, he

---

[1] At various times, Ricks appeared to be acting with or on behalf of other detainees, which is why the caption in this case lists other plaintiffs. Ricks, however, is the only one among them who pursued the case to the current stage, so we will focus on him.

listed as defendants various other persons allegedly connected to the Broomfield prosecution.

In that complaint, Ricks stated that he had taken a plea deal (on what charge, he did not say) and had been sentenced to one year of community corrections, but he had a Denver prosecution still pending. He then asserted that Colorado courts could not exercise criminal jurisdiction over him. He elaborated that, in his view, the U.S. Constitution only mentions three types of jurisdiction—common law, equity, and admiralty/maritime—and therefore those are the only forms of jurisdiction allowed in the United States. By contrast, Colorado was prosecuting him under a criminal statute, and "there is no such thing as 'statutory jurisdiction.'" R. (24-1148) at 86.

The district court entered a third order, requiring Ricks to file a new complaint that lists all defendants in the caption and does not use "et al." Ricks soon filed another complaint against the governor and attorney general, but also naming yet another set of defendants in the caption (again using "et al." after some of them) and still another group of defendants later in the body of the complaint. He again asserted his claim that statutory criminal jurisdiction does not exist in the United States.

While all of this was playing out, Ricks filed a second lawsuit in the District of Colorado, attempting to assert the same jurisdictional theory. This complaint explicitly invoked both 42 U.S.C. § 1983 and habeas as his bases for relief. As in the first lawsuit, however, Ricks used "et al." in his caption and named other defendants in the body of the complaint. This prompted the district court to enter an order

4

requiring Ricks to refile, followed by a second order requiring the same. Ricks's final complaint in this sequence nonetheless continued to employ "et al." in the caption.

The district court resolved both lawsuits on the same day, and for the same reason. The court ruled that Ricks had repeatedly failed to comply with court orders. It therefore dismissed both lawsuits without prejudice under Federal Rule of Civil Procedure 41(b), which addresses a plaintiff's "fail[ure] to . . . comply with . . . a court order." It entered final judgment in each suit the same day. Ricks then filed a timely notice of appeal from each judgment, leading to the two matters at issue here.

## II.    ANALYSIS

We must first examine our jurisdiction. Normally, we may only decide appeals from a district court's "final decisions." 28 U.S.C. § 1291. The district court's dismissal in this case was without prejudice. Sometimes such a dismissal is "a non-final, nonappealable order (since amendment would generally be available)." *Mobley v. McCormick*, 40 F.3d 337, 339 (10th Cir. 1994). But "a dismissal of the entire action is ordinarily final." *Id.*

In No. 24-1141, the district court said "the action will be dismissed without prejudice, allowing any plaintiff to file a new action if he or she so desires." R. (24-1141) vol. I at 37. In No. 24-1148, the district court said "the action will be dismissed without prejudice for failure to cure the deficiencies." R. (24-1148) at 219. Both dismissals, followed by entry of final judgment, demonstrate the district court's intent to dismiss the actions, not just Ricks's complaints. The terms of the district

5

court's dismissal therefore support our jurisdiction.  *See Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979) (holding, in a pro se employment discrimination lawsuit, that the district court clearly intended its without-prejudice dismissal under Rule 41(b) to be a dismissal of the entire action, which is appealable).

There is another jurisdictional issue, however.  "Unless a circuit justice or judge issues a certificate of appealability [COA], an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . ."  28 U.S.C. § 2253(c)(1)(A).  In Ricks's first lawsuit, he filed both a civil complaint and two habeas petitions, but he settled on the civil complaint when the district court ordered him to file only one pleading.  In Ricks's second lawsuit, he invoked both § 1983 and habeas in the same pleading.  In any event, it appears he was seeking "a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).  If so, he may "use only habeas corpus" to obtain such relief.  *Id.*

When a prisoner invokes § 1983 to bring a claim that should have been brought through habeas, we do not treat the lawsuit as if it were a habeas action in disguise and we do not require a COA before an appeal may be opened.  Rather, assuming other procedural requirements for an appeal are met, we treat the proceeding as a normal appeal and dispose of it accordingly, such as by ruling that the claim cannot be brought under § 1983.  *See, e.g.*, *Havens v. Johnson*, 783 F.3d 776, 783–84 (10th Cir. 2015); *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249

(10th Cir. 2007). But this court has no precedent clearly establishing how to handle an appeal (or intended appeal) from the dismissal of actions such as this, where a party has requested *both* § 1983 and habeas relief during the course of the district court proceedings.

Despite this wrinkle, we believe these matters are still traditional appeals from the dismissal of a civil action, rather than from the dismissal of a habeas proceeding. First, when Ricks filed both a civil complaint and two habeas petitions in No. 24-1148, the district court told him to file only one pleading and he fell back on a civil complaint. Second, in both suits, Ricks consistently named defendants other than his custodian. *Cf. Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). Third, in both suits, Ricks consistently requested damages from the defendants, something he could not ask for in habeas. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). Thus, although likely futile in light of the nature of his claim, it is clear he wanted to pursue non-habeas civil actions. We will therefore not require Ricks to move for a COA.

The merits of this appeal are much simpler than the jurisdictional questions. Ricks simply repeats his claim that there are no permissible forms of jurisdiction in the United States other than common law, equity, and admiralty/maritime. This is

7

meritless on its face. It is also self-defeating—it would mean the district court and this court could not exercise jurisdiction over these very lawsuits. More straightforwardly, however, Ricks never challenges the basis for the district court's dismissal, namely, its application of Rule 41(b) in light of Ricks's failure to follow multiple court orders.

"Because [Ricks] is pro se, we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). And importantly, "[t]he first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Ricks's failure to do so means he has waived any argument contrary to the district court's disposition. *See id.* at 1368.

## III.   CONCLUSION

Ricks has presented no reasoned, nonfrivolous argument to reverse the district court, so we deny his motion to proceed without prepayment of costs or fees and dismiss this appeal. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Gregory A. Phillips
Circuit Judge

8