**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KEVIN LYNN THAYER,

    Plaintiff - Appellant,

v.

STATE OF UTAH; WASHINGTON
COUNTY; KIRK SMITH, Washington
County Sheriff; PERRY LAMBERT;BOB
CANNON; CHARL MRKVICKA;
JAMES STANDLEY; TIMOTHY
WIEGERT;KEITH FARNSWORTH;
SANDY DOBSON; WAYNE
ROBINSON; (FNU) LARSEN; CHAD
VERNON; KONI WELLHOFF; NICK
HALLMAN; DOUG MOORE; CINDY
MORIARTY; ALISA SNOW; WAYNE
BOLTIS; KRISTI TIMBREL; JAMIE
KEIL; BRIAN BALLARD; (FNU)
DESPAIN; JOHN GRAFF; JOHN
WORLTON; LINDA YOUNG; RON
SANCHEZ; RANDY LONG; R. CLAY
CAWLEY; SHARON D'AMICO; DAVE
WOLF; NANCY MONROE,

    Defendants - Appellees.

No. 07-4066
(D.C. No. 2:05-CV-1004-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

    * After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may

(continued...)

Before **HENRY,** Chief Judge, and **TYMKOVICH** and **HOLMES**, Circuit Judges.

Plaintiff-Appellant Kevin Lynn Thayer, appearing pro se, appeals from the district court's order dismissing without prejudice his complaint, filed pursuant to 42 U.S.C. § 1983, § 1985 and § 1986, for failure to pay the assessed partial filing fee. On appeal, Mr. Thayer has moved to proceed in forma pauperis. We have jurisdiction pursuant to 28 U.S.C. § 1291. We grant Mr. Thayer's motion to proceed in forma pauperis, vacate the district court's order of dismissal, and remand for further proceedings.

## I. BACKGROUND

On December 2, 2005, Mr. Thayer, a Utah state prisoner, filed a complaint alleging civil rights claims under § 1983, § 1985 and § 1986 against the State of Utah, employees of the Utah State Department of Corrections, Washington County, Utah, the Washington County Sheriff, and numerous employees of the Washington County Sheriff's Office. The filing fee for pursuing the action was $250. Contemporaneously with the filing of his complaint, Mr. Thayer moved for leave to file in forma pauperis ("IFP"). The district court granted the motion and ordered Mr. Thayer to pay a partial filing fee of $36.49 within thirty days.

(...continued)
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th CIR. R. 32.1.

Unable to pay even the reduced filing fee, Mr. Thayer filed an objection asking that it be reduced further. Because he failed to provide adequate information to show that he should pay less, the district court, on January 3, 2006, denied his request but allowed him an additional thirty days in which to "renew his motion for reconsideration upon submission of up-to-date account statements." R.,Vol. I, Doc. 11, at 1 (Dist. Ct. Order, dated January 3, 2006). Fifteen days later, Mr. Thayer renewed his request. On March 7, 2006, the district court granted the motion and ordered Mr. Thayer to pay $.08 "which must be paid within thirty days to avoid dismissal of this case." R., Vol. I, Doc. 13, at 2 (Dist. Ct. Order, dated March 7, 2006).

Citing Mr. Thayer's failure to pay the $.08 partial filing fee, the district court ordered "Plaintiff's complaint dismissed without prejudice," on September 21, 2006. R., Vol. I, Doc. 15 (Dist. Ct. Order, dated September 21, 2006). On September 28, 2006, Mr. Thayer filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), claiming that he had, in fact, paid the filing fee. Due to restrictions on his ability to copy documents, Mr. Thayer was unable to append to his motion a copy of the receipt evidencing his timely payment, but stated that he would provide a copy when feasible. As promised, Mr. Thayer subsequently sent a letter, filed October 27, 2006, attaching a copy of a receipt showing that he had, on March 27, 2006, paid the requisite $.08 partial filing fee.

Having heard nothing from the district court, on January 10, 2007, Mr. Thayer requested that the court rule on his motion to alter or amend judgment. On February 21,

3

2007, the district court denied it. In pertinent part, the text of the order stated:

> Before the Court is Plaintiff Kevin Lynn Thayer's motion to reconsider, alter or amend judgment . . . . Plaintiff's case was dismissed without prejudice on September 21, 2006. Plaintiff may seek leave of the Court to refile his complaint. Plaintiff's motions for reconsideration and appointment of counsel, however, are not appropriate and therefore DENIED.

R., Vol. I, Doc. 21, at 1 (Dist. Ct. Order, dated February 21, 2007). Mr. Thayer timely filed his notice of appeal.[1]

## II. DISCUSSION

### A.     The District Court's Order of Dismissal is Final and Appealable.

Initially, we must assure that we have jurisdiction to consider this appeal. A dismissal without prejudice[2] is "usually not" a final appealable order. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001). "In this circuit, whether an order of dismissal is appealable generally depends on whether the district court dismissed the

---

[1]     Pursuant to Rule 59(e), Mr. Thayer filed his motion to alter or amend judgment within ten days following the district court's entry of its order dismissing his action. Therefore, Mr. Thayer's appeal time was tolled pending the district court's order disposing of his Rule 59(e) motion. Fed. R. App. P. 4(a)(4)(iv) (2007).

[2]     Although Mr. Thayer purports to appeal the district court's denial of his Rule 59(e) motion, he actually seeks review of the district court's order dismissing his action. "[A]n appeal from the denial of a Rule 59 motion will be sufficient to permit consideration of the merits of the [underlying] judgment, if the appeal is otherwise proper, the intent to appeal from the final judgment is clear, and the opposing party was not misled or prejudiced." *Artes-Roy v. City of Aspen*, 31 F.3d 958, 961 n.5 (10th Cir. 1994) (internal quotation marks omitted) (quoting *Grubb v. FDIC*, 868 F.2d 1151, 1154 n. 4 (10th Cir. 1989)). Here, the appeal is proper since Mr. Thayer timely filed his notice of appeal after the district court's disposition of his timely filed Rule 59(e) motion.

*complaint* or the *action*." *Moya v. Schollenbarger*, 465 F.3d 444, 449 (10th Cir. 2006) (internal quotation marks omitted) (quoting *Mobley v. McCormick*, 40 F.3d 337, 339 (10th Cir. 1994)).

Ordinarily, the dismissal of a complaint is non-final because amendment is usually available. *Id.* However, we have taken a "'practical approach' to finality" that recognizes "the unfortunate reality that sometimes courts are less than clear as to whether they intend to dismiss just the complaint or the entire action." *Id.* at 450. Accordingly, in assessing finality, we have looked to "the *substance* and *objective intent* of the district court's order, not just its terminology." *Id.* at 449.

The "critical determination" regarding whether an order is final is whether "plaintiff has been effectively excluded from federal court under the present circumstances." *Amazon, Inc.*, 273 F.3d at 1275 (internal quotation marks omitted); *see Moya*, 465 F.3d at 451 (noting, in that situation, "the district court must have intended to dismiss the entire action and our appellate jurisdiction is proper"). When "the district court's grounds for dismissal are such that the defect cannot be cured through an amendment to the complaint, that dismissal (even if it is ambiguous or nominally of the complaint) is for practical purposes of the entire action and therefore final." *Moya*, 465 F.3d at 450-51. Conversely, "when the dismissal order expressly *grants* the plaintiff leave to amend, that conclusively shows that the district court intended only to dismiss the complaint; the dismissal is thus not a final decision." *Id.* at 451.

5

In its September 21 order, the district court stated that it was dismissing "Plaintiff's complaint" without prejudice. R., Vol. I, Doc. 15, at 1. It did not, however, offer Mr. Thayer an opportunity to amend his complaint. The likely reason for this is readily apparent: The ground upon which the district court relied in dismissing Mr. Thayer's complaint – his ostensible failure to pay the $.08 filing fee – was not subject to cure by complaint amendment. Accordingly, the apparent effect of the district court's order was to dismiss Mr. Thayer's action.[3]

To be sure, in its February 21, 2007 order denying Mr. Thayer's Rule 59(e) motion, the district court stated that Mr. Thayer "may seek leave of the Court to refile his complaint," R., Vol. I, Doc. 21, at 1. However, Mr. Thayer's status effectively remained unaltered. For all practical purposes, the doors of the courthouse were still closed to him.

In finding that a grant of Mr. Thayer's motion to reconsider was "not appropriate," the district court effectively confirmed its determination that Mr. Thayer had failed to satisfy the financial condition for maintenance of his action (i.e., payment of the $.08 filing fee). And the district court did not offer any indication that it was inclined to alter in any way that obligation. Accordingly, payment of the $.08 partial filing fee – as opposed to a mere pleading amendment – would invariably have been a condition precedent to Mr. Thayer's refiling of his complaint. Yet, in Mr. Thayer's (well-justified)

---

[3] Indeed, the language of the district court's order denying Mr. Thayer's motion for reconsideration appears to reflect the court's awareness of the final nature of its September 21 order, as the court observed that "Plaintiff's *case* was dismissed without prejudice on September 21, 2006." R., Vol. I, Doc. 21, at 1 (emphasis added).

6

view, this was a condition he had already satisfied. Therefore, the district court's offer of an opportunity to refile, practically speaking, was no offer at all. Under these circumstances, Mr. Thayer was "effectively excluded from federal court." *Amazon, Inc.*, 273 F.3d at 1275 (internal quotation marks omitted).

In sum, we conclude that the district court's dismissal of Mr. Thayer's complaint (i.e., his action) is a final, appealable order. Accordingly, we review the merits of the district court's dismissal order.

**B.    The District Court Abused its Discretion in Dismissing Mr. Thayer's Action.**

We review for an abuse of discretion a district court's dismissal for failure to comply with a court order to pay a filing fee. *Crosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). "An abuse of discretion will be found only where the trial court makes an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Nalder v. W. Park Hosp.*, 254 F.3d 1168, 1174 (10th Cir. 2001) (internal quotation marks omitted) (quoting *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir. 1994)). We conclude that the district court abused its discretion in dismissing Mr. Thayer's action.

The district court's March 7, 2006 order allowed Mr. Thayer thirty days to pay the partial filing fee. Contrary to the district court's findings, the record clearly reflects that Mr. Thayer provided a copy of a receipt showing that he paid the requisite $.08 partial payment on March 27, 2006, well within the prescribed period. Thus, the district court's ruling that Mr. Thayer had not timely paid the partial filing fee is reversible error.

7

Mr. Thayer moves to proceed IFP on appeal. Because he has raised a non-frivolous argument, and established that he is indigent, we grant his motion. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

### III.  CONCLUSION

For the foregoing reasons, we **GRANT** Mr. Thayer's motion to proceed IFP, **VACATE** the district court's order of dismissal, and **REMAND** for further proceedings consistent with this order and judgment.[4]

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[4] In the event of remand, Mr. Thayer asked us in his opening brief to "assign a new judge to oversee this case." Aplt. Op. Brief at 4. Mr. Thayer offered no arguments to support this request and we perceive no foundation for it. Accordingly, we summarily deny it.