FILED
United States Court of Appeals
Tenth Circuit

November 27, 2009

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

UNITED STATES COURT OF APPEALS

TENGTH CIRCUIT

---

MELISSA L. PHILLIPS,

      Plaintiff-Appellant,

v.

JO HUMBLE, Chief of Police; NFN
BRADLEY; SABRINA GETTLER;
ED RUTHERFORD; COFFEYVILLE
POLICE DEPARTMENT; JEFF
MORRIS,

      Defendants-Appellees.

No. 08-3004

---

**Appeal from the United States District Court
for the District of Kansas
(D.C. No. 2:07-CV-02452-JAR)**

---

Melissa L. Phillips, pro se.

Kevin M. McMaster and Jennifer M. Hill of McDonald, Tinker, Skaer, Quinn &
Herrington, P.A., Wichita, Kansas, for Defendants-Appellees.

---

Before **KELLY, EBEL,** and **MURPHY**, Circuit Judges.[*]

---

[*]After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
This case is therefore submitted without oral argument.

**EBEL**, Circuit Judge.

_____

Plaintiff-Appellant Melissa L. Phillips contends that Defendants-Appellees, various officials and employees of Coffeyville, Kansas, committed wrongful acts against her during and after a 2007 flood in Coffeyville. The district court dismissed Ms. Phillips's complaint for failure to comply with the notification requirements imposed by the Kansas Tort Claims Act on plaintiffs seeking to pursue state tort claims against municipalities and their employees. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

## I.    Background

Ms. Phillips vocally disagreed with the actions taken by Coffeyville police officers and officials in connection with a summer 2007 flood. She was concerned that chemical-and-bacteria laden waters had contaminated parts of the city. According to Ms. Phillips, she was wrongly silenced, arrested, charged, threatened, stalked, harassed, and searched for trying to advise officials and warn citizens of potential dangers.

Ms. Phillips, a law student proceeding pro se, filed a complaint in federal court listing numerous state tort claims, including negligence, malicious prosecution, false arrest, continuing trespass, intentional infliction of emotional distress, defamation, slander, libel, battery, and fraud. She also filed a "motion for an emergency order" seeking an emergency declaration and injunction to

enforce a variety of environmental statutes, a declaration preventing the police from further harassing her, and a declaration that, if she is jailed again, she be placed in county jail where the city defendants will be unable to harm her. Appellees filed for dismissal on two grounds: lack of federal jurisdiction and lack of compliance with Kansas statutory notice requirements.

Although Phillips focused on state law torts in her complaint, the district court liberally construed Phillips's complaint as raising both state law claims and federal law claims under 42 U.S.C. § 1983. Given the presence of a federal question, the district court concluded that it could exercise jurisdiction over the case. However, the district court dismissed the entire complaint because Ms. Phillips did not provide Coffeyville with advance notice of her claim, as required by Kan. Stat. Ann. § 12-105b(d).[1] Ms. Phillips appeals this ruling, arguing that the Kansas notice-of-claim statute is unconstitutional and, even if it is constitutional, it does not apply to at least some of her claims.

---

[1] The statute provides:

> Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. . . . Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. . . . No person may initiate an action against a municipality unless the claim has been denied in whole or part.

Kan. Stat. Ann. § 12-105b(d).

3

**II.  Analysis**

   A.  Jurisdiction

   Before reaching the merits of this appeal, we address sua sponte two jurisdictional issues.  See Kennedy v. Lubar, 273 F.3d 1293, 1301 (10th Cir. 2001) ("Although . . . we ordinarily do not consider matters not affirmatively raised by the parties in their opening briefs, this general rule does not apply to jurisdictional questions.") (internal citation omitted).  Ms. Phillips's complaint was clearly focused on state law claims and she does not allege diversity jurisdiction.  Therefore, we must determine whether she has alleged a federal claim and, thereby, enabled this court to exercise jurisdiction over this appeal.  Second, we must determine whether the district court's dismissal was a final and appealable order under 28 U.S.C. § 1291.

   We agree with the district court that, despite the fact that the substance of Ms. Phillips's complaint is based on state tort law, her pro se complaint can be liberally construed to allege claims under § 1983.  For example, Phillips alleged that, while she was held in jail, she complained of chest pain and, despite her complaints, she was not allowed to use her asthma inhaler.  Although her complaint does not specify any federal cause of action, in her response to the Appellees' motion to dismiss she alleged, inter alia, that her Fourteenth Amendment rights were violated when she was denied access to medical treatment.  See Johnson v. Johnson, 466 F.3d 1213, 1216 (10th Cir. 2006)

4

(considering allegations in support of a pro se plaintiff's § 1983 claims raised for the first time in his answer to defendants' motion to dismiss). In conjunction with the factual allegations in her complaint, this was sufficient to sustain a pro se § 1983 claim. Cf. Williams v. Rodriguez, 509 F.3d 392, 401 (7th Cir. 2007) (stating that denying asthma treatment to a person being temporarily detained by the police would violate the Fourteenth Amendment where the detainee's symptoms were "objectively serious" and the officers were "deliberately indifferent" to his medical needs) (quotation omitted). Similarly, Phillips's allegation that she was arrested without explanation or justification, read in conjunction with her invocation of the Fourth and Fourteenth Amendments in her reply to the Appellees' motion to dismiss, was sufficient to raise a § 1983 claim.

Further, we hold that the district court's dismissal in this case constituted a final and appealable order under 28 U.S.C. § 1291. "In Moya v. Schollenbarger, [465 F.3d 444, (10th Cir. 2006)], . . . [w]e set forth three principles for determining whether an order of a district court is final and appealable." Brown v. Fisher, 251 Fed. Appx. 527, 531 (10th Cir. Oct. 16, 2007) (unpublished). "First, if a district court order expressly and unambiguously dismisses a plaintiff's entire action, that order is final and appealable." Moya, 465 F.3d at 450. "Second, where a district court dismissal expressly *denies* the plaintiff leave to amend, or the district court's grounds for dismissal are such that the defect cannot be cured through an amendment to the complaint, that dismissal (even if it

is ambiguous or nominally of the complaint) is for practical purposes of the entire action and therefore final." Id. at 450-51. "Third, when the dismissal order expressly *grants* the plaintiff leave to amend, that conclusively shows that the district court intended only to dismiss the complaint; the dismissal is thus not a final decision." Id. at 451.

This case does not fall within the first principle in Moya, because the district court's order did not "expressly and unambiguously dismiss [the] plaintiff's entire action." Id. at 450. On page four, the district court stated that "plaintiff's complaint is dismissed without prejudice." (Emphasis added). Similarly, on page three, the district court stated that Phillips's "complaint [] should be dismissed for failure to abide by K.S.A. § 12-105b(d)." (Emphasis added.) This language seems to indicate that the court was merely interested in dismissing the complaint and, presumably, would have allowed Phillips to cure this defect and re-file. See B. Willis, C.P.A., Inc. v. BNSF Ry. Corp., 531 F.3d 1282, 1297 n.15 (10th Cir. 2008) ("A dismissal of the complaint is ordinarily a non-final, nonappealable order."). There is some ambiguity, however, because the court's final statement merely provided that defendants' motion to dismiss—which sought dismissal of all Phillips's claims with prejudice—was granted, and did not specify whether it was dismissing the entire action or just the complaint.

6

Even if the district court had unambiguously stated that the dismissal was only of the complaint, "an order is not necessarily devoid of finality simply because it speaks in terms of dismissal of a complaint. Rather, we 'endeavor to scrutinize [complaint dismissals] . . . closely in order to pinpoint those situations wherein, in a practical sense, the district court by its order has dismissed a plaintiff's action as well.'" Moya, 465 F.3d at 449 (quoting Petty v. Manpower, Inc., 591 F.2d 615, 617 (10th Cir. 1979) (per curium)) (alterations added in Moya). Therefore, despite the language in the district court's opinion which might indicate that Phillips is free to bring an amended complaint, we must examine whether the dismissal was final and appealable under the second principle in Moya.

This case falls squarely within the second principle laid out in Moya, which provides that a dismissal of a complaint without prejudice is a final and appealable order where "the district court's grounds for dismissal are such that the defect cannot be cured through an amendment to the complaint, [so] dismissal (even if it is ambiguous or nominally of the complaint) is for practical purposes of the entire action and therefore final." Moya, 465 F.3d at 450-51; see also B. Willis, C.P.A., 531 F.3d at 1296 n.15 (holding that dismissal without prejudice for lack of ripeness was a final appealable order because the plaintiff "could not have saved its claims by merely amending its complaints"); Abu-Nantambu-El v. Oliva, 282 Fed. Appx. 658, 661-62 (10th Cir. June 18, 2008) (unpublished)

7

(holding that court had jurisdiction to address appeal of district court's dismissal of a complaint without prejudice for failure to exhaust, and collecting cases where this court exercised jurisdiction under similar circumstances).  In this case, Phillips can only correct the defect pointed out by the district court by providing advance notice to the state and then filing a new complaint.  As this requires more than a mere amendment of her pleadings, this case falls within the ambit of the second principle laid out in Moya, and is a final appealable order.  See Thayer v. Utah, 265 Fed. Appx. 710, 712-13 (10th Cir. Feb. 15, 2008) (unpublished) (holding that dismissal for failure to pay an $.08 filing fee was a final appealable order because the plaintiff could not cure the defect in the case by merely amending his complaint).[2]

---

[2] This court's unpublished opinion in Brown, 251 Fed. Appx. 527, is distinguishable.  In Brown, the district court dismissed plaintiff's § 1983 claim because the plaintiff had failed properly to serve the defendants within 120 days, as required by Fed. R. Civ. P. 4(m).  On appeal, this court held that it lacked jurisdiction over the district court's dismissal because "the district court did not intend to dismiss Brown's entire cause of action and finally dispose of his case.  The court's order allowed Brown to re-file and properly serve his complaint upon the County. . . .  Presumptively then, the order of dismissal was not final and appealable."  Brown, 251 Fed. Appx. at 531.

Brown is easily distinguished from our case because, as this court explicitly recognized, that case fell within the third principle laid down in Moya, that "when the dismissal order expressly *grants* the plaintiff leave to amend, that conclusively shows that the district court intended only to dismiss the complaint; the dismissal is thus not a final decision."  Moya, 465 F.3d at 451.  The court in Brown explicitly stated that it would allow the plaintiff to re-file and then serve process on the defendants and even explained, in a footnote, how the plaintiff could amend his complaint in order to avoid dismissal down the line.  On appeal,

(continued...)

8

Finally, the third principle in Moya—under which a seemingly final and appealable dismissal will be deemed unappealable where the court explicitly invites the litigant to file an amended complaint and cure the defects in the original complaint—does not apply in this case. The district court in this case gave no indication that it would accept—let alone invite—a revised complaint from Ms. Phillips. Accordingly, the district court's dismissal was a final appealable order, and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

B.  The District Court Appropriately Dismissed Ms. Phillips's State Law Claims for Failure to Provide Advance Notice

Phillips raised state law claims against the city and city employees acting within the scope of their employment. Both of these types of claims are covered by Kan. Stat. Ann. § 12-105b(d)'s notice requirement. See Knorp v. Albert, 28 P.3d 1024, 1028 (Kan. Ct. App. 2001) (holding that state notice statute "applies to both municipal entities and employees of municipal entities acting within the scope of their employment"); King v. Pimentel, 890 P.2d 1217, 1225 (Kan. Ct.

---

(...continued)
this court explicitly relied upon the third principle in Moya to conclude that this order was nonfinal and not appealable. See Brown 251 Fed. Appx. at 531 (stating that "[t]he third principle [from Moya] is relevant here"). In this case, on the other hand, there was no comparable statement inviting Phillips to amend her complaint and re-file. Therefore, the third principle in Moya does not come into play, and we may rely on the second principle to conclude that, because Phillips cannot cure the defects in her complaint by amendment alone, the district court's dismissal is final and appealable.

9

App. 1995) (explaining that §12-105b(d)'s notice requirement applies to municipal employees acting within the scope of their employment "[b]ecause a municipality faces significant liability" whether an action is "brought against it [or] against its employees"). Because Phillips completely failed to provide the state with prior notice of these claims, these claims are defective.

Phillips argues that her sexual battery/intentional infliction of emotional distress claim against Officer Sabrina Gettler alleges actions outside the scope of Gettler's employment and, therefore, this claim should not be barred by the state notice requirements. In her complaint, Ms. Phillips alleged that Officer Gettler searched her in an overly intrusive manner in a courthouse bathroom before allowing her to attend court proceedings. In support of her argument that these allegations concern activity beyond the scope of Officer Gettler's employment, Phillips relies heavily on Miller v. Brungardt, 916 F. Supp. 1096 (D. Kan. 1996). In Miller, the court refused to apply the Kansas notice statute to plaintiff's claim of sexual harassment/intentional infliction of emotional distress, concluding that sexual harassment was not within the scope of the defendant's employment and, therefore, "the Kansas notice requirement does not attach to the plaintiff's" sexual harassment/intentional infliction of emotional distress claim against the defendant. Id. at 1101. In turn, Miller relied for this idea on this court's statement that "sexual harassment simply is not within the job description of any

10

supervisor or any other worker in any reputable business." Hicks v. Gates Rubber Co., 833 F.2d 1406, 1417-18 (10th Cir. 1987) (internal quotation omitted).

Both Miller and Hicks involved employees' claims against their employers arising out of their supervisors' sexually inappropriate activities. See Hicks, 833 F.2d at 1411; Miller, 916 F. Supp. at 1101. Even if it is true that an employee's sexual harassment of another employee will generally be deemed to be beyond the scope of the perpetrator's employment, the same cannot be said of overly intrusive police searches. Phillips has not alleged an isolated, gratuitous sexual advance or contact. Rather, her claim is that Sabrina Gettler conducted an overly intrusive search of Phillips's person and that, because the scope of the search—particularly the search of Phillips's breasts—was unjustified, the unwanted contact with an intimate part of her body amounted to sexual harassment and battery. Where, as here, a police officer conducts an allegedly overly intrusive search of a litigant in a courthouse, we cannot say that the search was outside the scope of the officer's employment. Cf. Garner v. Wahl, Nos. 94,014; 94,015; 94,018; 94,019; 94,020, 2005 WL 3098727, at *9 (Kan. Ct. App. Nov. 18, 2005) (unpublished) (holding that police officers were acting within the scope of their employment "[i]n investigating and arresting [the plaintiff]"). Officer Gettler's search of Phillips—although it may have crossed the lines of reasonableness and propriety—was conducted within the scope of her employment.

11

Finally, Phillips argues that the Kansas notice statute is unconstitutional because it treats the government more favorably than other tort defendants. This court has previously approved a very similar state notice statute, concluding that "the [state] legislature may place reasonable restrictions on" the right to sue the state government, and "[t]he requirement that claimants give notice of their claim is a reasonable restriction that applies equally to all persons wishing to sue the government." Day v. Mem'l Hosp. of Guymon, 844 F.2d 728, 732 (10th Cir. 1988). Accordingly, we hold that the district court correctly dismissed the state tort claims for lack of compliance with § 12-105b(d).

C. Ms. Phillips Failed to Argue on Appeal the Dismissal of her Federal Claims

Ms. Phillips has not argued on appeal the dismissal of her § 1983 claims, so we do not decide whether the district court erred by dismissing those claims. In her briefs on appeal, Ms. Phillips challenged the fairness and constitutionality of the Kansas notice statute, and argued that, even if Kansas's notice statute is generally appropriate, it should not apply to her state claims of sexual battery and intentional infliction of emotional distress. She did not, however, raise and argue any explicit challenge to the application of Kansas's notice statute to her federal claims under § 1983, so we do not reach that issue. See Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1140 (10th Cir. 2003) (holding that issues not raised on appeal are deemed waived); Davoll v. Webb, 194 F.3d 1116, 1128-29 (10th

Cir. 1999) (declining to reach a non-jurisdictional issue that "was not raised below or on appeal").[3]  Accordingly, we do not decide whether the district court appropriately dismissed Ms. Phillips's § 1983 claims.[4]

## III.    Conclusion

For the foregoing reason, we AFFIRM the district court's dismissal of Ms. Phillips's claims.

---

[3] Even though Ms. Phillips failed to raise a challenge on appeal to the dismissal of her federal claims, we may still exercise appellate jurisdiction over the district court's dismissal of her state law claims.  As we have observed,

> [t]he scope of a federal court's jurisdictional power . . . does not fluctuate with the fate of a federal claim at trial or on appeal, but exists if the federal claim initially had substance sufficient to confer subject matter jurisdiction on the court. . . .  Thus, a district court has the constitutional power to exercise supplemental jurisdiction over state claims even after a federal claim has been dismissed, provided the federal claim was not insubstantial from the outset.  The same rule applies on appeal.

United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1219-20 (10th Cir. 2000) (internal quotation omitted).


[4]Although the issue is not raised on appeal, and accordingly we do not address it, for future reference we direct the attention of the district court to Felder v. Casey, 487 U.S. 131, 140 (1988), and Rosa v. Cantrell, 705 F.2d 1208, 1221 (10th Cir. 1982).