FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

J.C. BERRY,

      Plaintiff - Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS, JUSTIN JONES,
MIKE ADDISON, MICHAEL
JACKSON, GLENDA LEE, THOMAS
JOHNSTON, STATE OF OKLAHOMA,

      Defendants - Appellees.

No. 09-6268
(D.C. No. 5:09-CV-01014-D)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

      Plaintiff-Appellant J.C. Berry, an inmate in the custody of the Oklahoma

Department of Corrections ("DOC"), appeals from the dismissal of his civil action

brought against the State of Oklahoma, the DOC and five DOC employees. We affirm.

---

      * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Berry alleged two claims under 42 U.S.C. § 1983. First, he claimed that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. In support of that claim, Berry alleged: He had been receiving prescription medication for his sinus condition; a nurse informed him that the prescription for that medication was about to expire and he would need to renew it by completing a form entitled "Request for Service"; Berry believed he did not have to fill out such a form and so he, instead, filled out a form entitled "Request to Staff"; because he refused to fill out the "Request for Service" form, prison officials did not renew Berry's prescription.

Second, Berry claimed that Defendants conspired to deprive him of his rights to redress and access to the courts protected by the First and Fourteenth Amendments. In support of that claim, Berry alleged that, after he was denied his prescription sinus medication, he filed administrative grievances which went unanswered or were answered in an untimely manner.

The district court dismissed Berry's action under 28 U.S.C. § 1915A(b)(1), without prejudice to his filing a new action.[1] Berry now challenges that decision on appeal.

Section 1915A(b)(1), in pertinent part, permits the district court to dismiss an inmate's complaint if it "fails to state a claim upon which relief may be granted." "We

---

[1] Because it appears that the "'district court order expressly and unambiguously dismisse[d] [the] entire action, th[is] order is final and appealable.'" Phillips v. Humble, 587 F.3d 1267, 1271 (10th Cir. 2009) (quoting Moya v. Schollenbarger, 465 F.3d 444, 450 (10th Cir. 2006)).

review de novo the dismissal of an action under 28 U.S.C. § 1915A for failure to state a claim." Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009). In conducting such review, "[w]e must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Id. (quotation omitted). "We review the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." Id. (quotation omitted). Because Berry is acting pro se, we liberally construe his pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

For substantially the reasons stated in the district court's decision, we AFFIRM the dismissal of Berry's § 1983 action. We also DENY his request of this court for entry of default.[2]

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[2] In March 2010, Berry filed with this court "An affidavit for Entry of Default." In that document, he argued that, because Defendants had failed to file a response to his opening appellate brief, he was entitled to an entry of default under Fed. R. Civ. P. 55(a). The reason Defendants did not file an appellate brief, however, was because they were never served with the complaint while Berry's action was pending in district court. The district court, instead, acting pursuant to 28 U.S.C. § 1915A(b)(1), dismissed Berry's action before ever ordering service on Defendants. So there is no default, in the district court or on appeal.

3