FILED
United States Court of Appeals
Tenth Circuit

May 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
———————————————————

CHARLES C. WALDO and ETHANNE S. WALDO,

     Plaintiffs-Appellants,

v.

OCWEN LOAN SERVICING, LLC,

     Defendant-Appellee.

No. 12-4017

(D.C. No. 2:10-CV-00928-CW)
(D. Utah)

———————————————————

**ORDER AND JUDGMENT**[*]
———————————————————

Before **MURPHY**, **BALDOCK**, and **HARTZ**, Circuit Judges.[**]
———————————————————

    Plaintiffs Charles and Ethanne Waldo lost their house to foreclosure in 2009. Since 2006, they have sought to challenge the validity of the foreclosure in at least four separate legal proceedings against Defendant, Ocwen Loan Servicing, LLC. Plaintiffs filed two cases against Defendant in Utah state court. The state court granted summary judgment against Plaintiff in the first case and dismissed the second for failure to state a claim. Plaintiff then challenged the mortgage interest again in federal bankruptcy proceedings, responding to Defendant's proof of claim by alleging Defendant engaged in

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

misrepresentation, deception, and fraud. The bankruptcy court granted Defendant summary judgment on this claim. Finally, Plaintiffs filed this pro se suit in federal district court, alleging violation of the Fair Debt Collection Practices Act, wire fraud in violation of 18 U.S.C. § 1343, and causes of action for "irreparable harm" and "emotional distress." The district court adopted the magistrate judge's report and recommendation granting Defendant's motion to dismiss on the basis of claim preclusion. The court held Plaintiffs' claims in this case could have been litigated in the federal bankruptcy action. The district court did not address Plaintiffs' claims on the merits. Along with granting the motion to dismiss, the district court imposed filing restrictions on Plaintiffs because they had "engaged in a long and abusive pattern of wasting a great deal of court time and resources." Plaintiffs, still proceeding pro se, appealed. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I.

Plaintiffs do not appeal the district court's claim preclusion holding. Instead, they reassert their allegations of fraud and raise the new argument that Defendant lacked "standing" to foreclose on their property. Unsurprisingly, Defendant argues we should affirm based on claim preclusion. In their reply brief, Plaintiffs assert the district court's claim preclusion holding "was wrong," but they do not explain why. They merely reassert their argument that Defendant has committed a "fraud on the court."

As a general rule, "a federal appellate court does not consider an issue not passed upon below." Singleton v. Wulff, 428 U.S. 106, 120 (1976). We do have discretion, however, to reach issues that were *raised* in the district court, but not ruled upon,

- 2 -

particularly where "the proper resolution is beyond any doubt" or where "injustice might otherwise result." Id. at 121. For example, we have addressed a "purely legal question" that was "implicitly ruled upon by the district court." Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1538 (10th Cir. 1996). Here, we must decide whether any issues are properly before us. Although we construe pro se filings liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), "the court should not assume the role of advocate." Letbetter v. City of Topeka, Kan., 318 F.3d 1183, 1188 (10th Cir. 2003) (quoting Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 2003)).

We decline to address Plaintiffs' merits arguments in this appeal. First, they never raised their argument about Defendant's standing to foreclose in the district court. They therefore waived that argument. Turner v. Pub. Serv. Co. of Colo., 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal."). Second, we will not address Plaintiffs' fraud arguments because the district court did not rule on this issue. Unlike in Trierweiler, the district court did not "implicitly" rule on the merits. Its ruling rested on claim preclusion, which is entirely distinct from the merits. Even if Plaintiffs were to prevail on the merits, the dismissal of their claims would be permissible on the independent basis of claim preclusion.

Nor will we review the district court's claim preclusion holding for the simple reason that Plaintiffs did not raise that issue on appeal. Construing Plaintiffs' opening brief as liberally as possible, we cannot find one reference to claim preclusion or res judicata. Even a pro se party waives an appeal where it does not challenge a district

court's ruling.  See Phillips v. Humble, 587 F.3d 1267, 1274 (10th Cir. 2009) (where a pro se party did not "raise and argue any explicit challenge" to the district court dismissing certain claims, we did not reach the issue).  If Plaintiffs believed the district court's claim preclusion holding "was wrong," Aplt.'s Reply at 1, they could have raised the issue in their opening brief.  Instead, they chose to forego that opportunity.  See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived.").  Accordingly, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge