**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 25, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EDGAR TIEDEMANN,

    Plaintiff - Appellant,

v.

CHURCH OF JESUS CHRIST OF
LATTER DAY SAINTS; THOMAS S.
MONSON, Pres.,

    Defendants - Appellees.

No. 15-4076
(D.C. No. 2:13-CV-00452-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Edgar Tiedemann, a Utah state prisoner, appeals the dismissal of his civil-rights case filed under 42 U.S.C. § 1983. We dismiss this appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

BACKGROUND

Tiedemann brought suit under 42 U.S.C. § 1983, alleging that the defendants, a church and its leader, violated his constitutional rights by endangering his soul.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Because Tiedemann is a prisoner, the district court screened his lawsuit under 28 U.S.C. § 1915A and concluded that it failed to state a claim upon which relief can be granted. The district court dismissed Tiedemann's case and cited 28 U.S.C. § 1915A(b)(1), which requires dismissal of a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

Tiedemann timely appealed. He filed in the district court a motion to proceed *in forma pauperis* (IFP) on appeal. The district court denied Tiedemann's motion after concluding that Tiedemann had accumulated three strikes under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, and disallowed him from proceeding on appeal without his prepaying the entire appellate-filing fee. *See* 28 U.S.C. § 1915(g).

## DISCUSSION

### I.      Strikes under the Prison Litigation Reform Act

Before addressing Tiedemann's appeal, we consider whether he has accumulated three strikes and must first prepay the appellate-filing fee. We conclude that Tiedemann need not prepay, because before his present appeal he had accumulated only two strikes.

Congress passed the PLRA to address the "sharp rise in prisoner litigation in the federal courts." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); 28 U.S.C. § 1915. Under the PLRA, prisoners obtain a "strike" against them for purposes of future IFP eligibility when their "action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

2

which relief may be granted . . . ." 28 U.S.C. § 1915(g); *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013). Once a prisoner accumulates three strikes, he must prepay the entire filing fee before federal courts may consider his civil actions and appeals. *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011).

The district court denied Tiedemann leave to proceed IFP on appeal. It cited three cases where it believed that Tiedemann had accumulated separate strikes under the PLRA. First, the district court cited Tiedemann's 2012 case that it had dismissed under 28 U.S.C. § 1915(e)(2)(B) after concluding that it failed to state a claim upon which relief could be granted. *Tiedemann v. Corum*, No. 2:11-CV-668, Doc. No. 10, at 5 (D. Utah May 5, 2012). We agree that the dismissal of this case counts as a strike. *See Hafed*, 635 F.3d at 1176 (noting that a dismissal under 28 U.S.C. § 1915(e)(2)(B) counts as a strike for PLRA purposes).

Second, the district court concluded that a strike was warranted for a case that Tiedemann had filed against law enforcement officers for violating his constitutional rights during his arrest. There, the district court dismissed Tiedemann's complaint for failure to state a claim, but it appointed counsel to determine whether that case (and others) alleged any viable claims to include in an amended complaint. *Tiedemann v. Stinson*, No. 2:07-CV-00907-TC, Doc. No. 36, at 6–8 (D. Utah Jan. 27, 2009). Appointed counsel later consulted with Tiedemann and told the district court that Tiedemann wished to voluntarily dismiss the case. *Tiedemann v. Stinson*, No. 2:07-CV-00907-TC, Doc. No. 46, at 2 (D. Utah Feb. 25, 2010). The district court then dismissed the case and directed the clerk to close the matter. *Id.*

3

We disagree with the district court that this dismissal counts as a strike against Tiedemann. The district court did not dismiss the case because of one of the statutory factors in 28 U.S.C. § 1915(e). *See Phillips v. Humble*, 587 F.3d 1267, 1271 (10th Cir. 2009); *Moya v. Schollenbarger*, 465 F.3d 444, 449 (10th Cir. 2006) ("Rather, we 'endeavor to scrutinize [complaint dismissals] . . . closely in order to pinpoint those situations wherein, in a practical sense, the district court by its order has dismissed a plaintiff's action as well.'" (quoting *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979) (alterations in original))). Instead, the district court appointed counsel to determine whether Tiedemann had any claims that would merit an amended complaint. Counsel concluded that Tiedemann did not and asked for a voluntary dismissal of the case, which the district court granted. A voluntary dismissal does not count as a PLRA strike. *See Hafed*, 635 F.3d at 1176 (stating that, under the PLRA, a dismissal counts as a strike when an action or appeal "is dismissed as frivolous, as malicious, or for failure to state a claim").

But we agree that the district court's third case—its dismissal in this very case—counts as a strike. The district court dismissed Tiedemann's case for failure to state a claim and cited 28 U.S.C. § 1915A. This dismissal counts as a strike for PLRA purposes. *See Childs*, 713 F.3d at 1266 (assessing a strike for a district-court dismissal under § 1915A). *See also Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (holding that a prior dismissal on a ground listed in § 1915 counts as a strike even if the dismissal is the subject of an appeal).

4

We have reviewed Tiedemann's remaining cases and all but one were voluntary dismissals that do not count as strikes under the PLRA.[1] Thus, Tiedemann has only two strikes. He can proceed on appeal without prepaying the filing fee. But we now assess a strike—Tiedemann's third—in dismissing this appeal as frivolous. *See Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) (imposing a strike for dismissal of frivolous appeal).

## II.    Tiedemann's Appeal

We review de novo the dismissal of a complaint for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). Tiedemann is a pro se litigant, so we view his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But we will not serve as Tiedemann's attorney in constructing arguments and searching the record. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The district court correctly dismissed Tiedemann's lawsuit. To state a claim under § 1983, a plaintiff must allege, among other things, that the defendant was

---

[1] The remaining case, *Tiedemann v. Salt Lake Cty. Adult Det. Ctr.*, No. 2:08-CV-00298-DAK, was dismissed for a failure to prosecute. We noted in *Hafed* that a dismissal for failure to prosecute would not necessarily count as a strike because the dismissal would not be for grounds listed in § 1915. 635 F.3d at 1179. But we assessed a strike for a dismissal based on failure to prosecute because the Seventh Circuit also had determined that Hafed's appeal was frivolous. *Id.* at 1179. Here, the district court did not determine or state that Tiedemann's case was frivolous, was malicious, or failed to state a claim. Thus, this dismissal cannot count as a strike. *See id.*; *Butler v. Dep't of Justice*, 492 F.3d 440, 442–44 (D.C. Cir. 2007) (concluding that a dismissal for failure to prosecute was not a strike because such a dismissal was made without regard to the merits, and each of the three strike categories in § 1915(g) involve dispositions looking to the merits).

acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). This requires a defendant to have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Tiedemann did not allege in his complaint how the plaintiffs acted under color of state law.

Even liberally construing his appellate pleadings, we discern no coherent argument challenging the district court's dismissal. Instead, we see Tiedemann reiterating that the defendants are endangering his soul (and defining what the "soul" means) and asserting that the district judge's religious beliefs led him to an incorrect decision. Tiedemann has not raised a reasoned, nonfrivolous argument on the law and facts, and we dismiss his appeal.

CONCLUSION

We dismiss Tiedemann's appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). We also assess a strike for this frivolous appeal. *See* 28 U.S.C. § 1915(g). Tiedemann now has three strikes under § 1915(g). He is barred from proceeding IFP in future civil actions or appeals in federal court unless he is "under imminent danger of serious physical injury," § 1915(g), and unless he makes "specific [and] credible" allegations to that effect. *Kinnell v. Graves*, 265 F.3d 1125, 1127–28 (10th Cir. 2001). We deny Tiedemann's motion to proceed IFP on this

6

appeal, and we order immediate payment of the unpaid balance due.

Entered for the Court

Gregory A. Phillips
Circuit Judge