**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM STEFVON HURT,

    Petitioner - Appellant,

v.

JANET DOWLING, Warden,

    Respondent - Appellee.

No. 20-5009
(D.C. No. 4:17-CV-00005-JED-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

William Hurt, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254

petition. For the reasons discussed below, we deny Hurt's request and dismiss this

matter.

Oklahoma charged Hurt with first-degree murder. Prior to trial, Hurt

unsuccessfully moved to sever his trial from his codefendant's. At trial, two

eyewitnesses testified that on May 16, 2010, the victim received harassing phone

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. But it may be cited for its persuasive value.
_See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Hurt's pro se filings. But we will not act as his
advocate or excuse his failure to follow procedural rules. _See Yang v. Archuleta_, 525
F.3d 925, 927 n.1 (10th Cir. 2008).

calls from Hurt's codefendant, Hurt and his codefendant drove a white Ford Taurus into a park, the codefendant and the victim fought, and Hurt shot the victim. The prosecutor presented cellphone data demonstrating that earlier that day, the victim received calls from a phone belonging to the codefendant's aunt. As part of his defense, some of Hurt's family members testified that although they previously owned a white Ford Taurus, they sold it before May 2010. A jury convicted Hurt of first-degree murder, and the trial court imposed a life sentence.

Hurt appealed to the Oklahoma Court of Criminal Appeals (OCCA). As relevant here, he argued to the OCCA that his counsel was ineffective by failing to investigate and present evidence regarding the sale of the car.[2] Brief of Appellant at 29–32, *Hurt v. Oklahoma*, No. F-2011-1057 (Okla. Crim. App. May 17, 2013). In particular, Hurt argued that his trial counsel was ineffective by not calling the notary who notarized the car's bill of sale, claiming that she would have testified that she notarized it before May 2010. *Id.* at 31–32. Hurt also argued that the trial court erred by admitting speculative opinion testimony regarding the cellphone data. The OCCA affirmed the conviction and sentence.

In February 2017, Hurt filed a petition for habeas relief in federal district court. Hurt's petition reasserted these two claims he made before the OCCA.[3] After

---

[2] We take judicial notice of the OCCA records. *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010).

[3] Hurt also raised an insufficient-evidence claim and a prosecutorial-misconduct claim. The district court dismissed these claims, but because Hurt does not argue that the dismissal was improper, we do not consider the district court's

tolling the statute of limitations and finding the petition timely, the district court denied the petition and declined to issue a COA. Regarding Hurt's ineffective-assistance-of-counsel (IAC) claim, the district court determined that Hurt's trial counsel's decision to not call the notary was neither deficient nor prejudicial because "the notary's affidavit reflect[ed] that she ha[d] no independent recollection of the sale in question" and Hurt's trial counsel "thoroughly developed the sale theory" through his family members' testimony. *Id.* at 20; *see Strickland v. Washington*, 466 U.S. 668, 687 (1984) (explaining that, to prevail on IAC claim, defendant must show counsel's performance was deficient and prejudicial). In other words, the district court reasoned that even if Hurt's counsel had called the notary, her testimony would not have affected the outcome and that therefore any error was not prejudicial. Thus, the district court determined that the OCCA's rejection of Hurt's IAC claim was not contrary to federal law, and it denied relief on this ground.

On the inadmissible-evidence claim, the district court first noted that federal courts do not grant habeas relief solely to correct state-law errors regarding "the admissibility of evidence." R. vol 4, 16–17 (quoting *Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir. 2001)). Instead, the district court explained, a federal court will grant such relief only if the petitioner demonstrates either "that the admission of the evidence violated a specific constitutional guarantee" or "that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Id.* at 17

---

disposition of them. *See Phillips v. Humble*, 587 F.3d 1267, 1274 (10th Cir. 2009) (declining to consider argument not made on appeal).

3

(quoting *Wilson v. Sirmons*, 536 F.3d 1064, 1101 (10th Cir. 2008)). Reasoning that the cellphone data was (1) relevant because it corroborated the eyewitnesses' testimony and (2) met evidentiary standards because it was based on known technology, the court concluded that admission of the evidence did not result in "fundamental unfairness." *Id.*; *see also Wilson*, 536 F.3d at 1101. It therefore denied relief on this ground.

Hurt now seeks to appeal the district court's denial of his petition regarding his IAC and inadmissible-evidence claims. But before he can appeal, he must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). As the district court reached the merits of Hurt's constitutional claims, we may grant a COA only if Hurt "demonstrate[s] that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The district court could have granted relief only if the OCCA's decision was contrary to clearly established federal law or based on "an unreasonable determination of the facts." § 2254(d). Thus, we may grant a COA only if Hurt shows that reasonable jurists could debate the district court's determination that the OCCA decision was not contrary to federal law or based on an unreasonable determination of fact. *See id.*; *Slack*, 529 U.S. at 484.

In attempting to do so, Hurt contends that his trial counsel was ineffective by failing to investigate and present evidence regarding the sale of the car.[4] To prevail

---

[4] Hurt also asserts that his appellate counsel on direct appeal provided him with ineffective assistance. But all of Hurt's IAC arguments relate to his trial

on an IAC claim, a defendant must show that his counsel's performance was both deficient and prejudicial. *Strickland*, 466 U.S. at 687. Hurt argued to the OCCA that his trial counsel should have interviewed the notary and called her to testify. *See* Brief of Appellant at 30–32, *Hurt*, No. F-2011-1057. But the OCCA rejected this argument because the notary's affidavit indicated that she did not remember notarizing the bill of sale. *See Hurt*, No. F-2011-1057, slip op. 4. Therefore, Hurt's trial counsel's performance was not prejudicial under federal law because any objection Hurt's counsel could have made regarding the sale of the car would not have impacted the outcome of the proceedings. *See Strickland*, 466 U.S. at 694 (explaining that to show prejudice, "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Because the OCCA's rejection of Hurt's IAC claims was not contrary to federal law or based on an unreasonable determination of fact, reasonable jurists could not debate the district court's rejection of these claims. § 2254(d); *Slack*, 529 U.S. at 484.

Hurt next argues that the trial court erred by admitting evidence related to the cellphone data. Specifically, he argues that the evidence was relevant only to his codefendant and not to him. But in his habeas petition before the district court, Hurt argued that the trial court erred in admitting this data because it was speculative testimony. Because Hurt failed to assert in his petition that the evidence was

---

counsel. We therefore do not consider this undeveloped assertion. *See Vreeland v. Zupan*, 906 F.3d 866, 881 n.4 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1586 (2019).

inadmissible because it was relevant only to his codefendant, Hurt has waived this inadmissible-evidence argument. *See Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005). And because Hurt did not reassert his nonwaived argument to us, we decline to consider it.[5] *See Phillips*, 587 F.3d at 1274.

Because Hurt's argument in support of his IAC claim regarding the car's sale fails and because Hurt waived all other arguments by not including them in his habeas petition, we deny his request for a COA and dismiss this matter.

Entered for the Court


Nancy L. Moritz
Circuit Judge

---

[5] Hurt waived two additional IAC claims that he makes to us but failed to include in his habeas petition: that his trial counsel was ineffective for failing to object to the cellphone data and for failing to renew his motion to sever the trial.